ARTHUR W. MOORE

*v.*

IDA R. BAKER.

[Filed May 23d, 1903.]

1. The burden of proving that an agreement was induced by false representations is on the person who seeks a cancellation thereof.

2. Under the statute, a married woman may be compelled to perform, as vendee, a contract for the conveyance of land, though she is declared not authorized to convey her real estate, and could not be compelled to perform as vendor.

On bill, answer and cross-bill, and replication and proofs.

*Mr. Charles E. S. Thorn* and *Mr. William J. Kearns,* for the complainant.

*Mr. Edward D. Duffield,* for the defendant.

EMERY, V. C.

Complainant and defendant (a married woman) entered into a written agreement, dated November 15th, 1899, for exchange of lands. Complainant was to convey his lands to defendant on or before September 1st, 1900, and to pay $1,700 to defendant on or before November 20th, 1899, on which last-mentioned date defendant was to convey her lands to complainant. Defendant was further to pay to complainant $200 by note, payable January 15th, 1900, and to pay $1,500 to complainant on September 1st, 1900, with interest from November 20th, 1899, on which date complainant was to enter into possession of defendant's lands. He did so enter; the lands were subsequently conveyed to him; defendant's note for $200 has been paid, and complainant has paid the $1,700. Nothing remains to be per-

Moore *v.* Baker.

formed of the agreement except defendant's taking the deed of complainant's lands and paying the balance of the purchase-money on her part—$1,500. She refuses to accept the deed or complete the contract, alleging that it was procured by false representations, and also files a cross-bill to have the agreement delivered up and canceled. Complainant has sold the property conveyed to him under the agreement.

On reading over and further considering the evidence in the case, I am confirmed in the impression made upon me by the evidence at the hearing—that the defendant has failed to support the claim of her answer and cross-bill that the agreement was made in reliance on any false representations by complainant as to the property owned by him. The burden of proof was upon her to make out this case, and not only has she failed to do this, but the fact that after her husband (who acted as her agent) was familiar with all the facts as to the situation, location and character of the property, which are now set up, he gave her note for $200 in part performance of the contract, and that she afterwards paid this note, points strongly to the conclusion that the objection to the contract and the defence is an afterthought.

I find, therefore, that the defence set up in the answer is not made out, nor is there any sufficient evidence of such inequality of values in the properties exchanged as would justify the court in refusing to carry out the contract as an inequitable one. The further objection is made that, under the decision in *Corby* v. *Drew, 10 Dick. Ch. Rep. 387, 391 (Vice-Chancellor Stevens, 1897)*, the specific performance of the contract cannot be decreed against the defendant, who is a married woman. The case would be applicable if the defendant were here as the vendor resisting performance. But she has performed the contract of exchange, so far as she is vendor, by conveying her land to the complainant, and she is now simply the vendee, and the question is whether a married woman, as vendee, can be required to perform a contract for the purchase of lands, which can be carried out without requiring her to convey lands. The statute in force—act of June 13th, 1895 (*P. L. of 1895 p. 321; Gen.*

*Stat. p. 2017*)—when the contract was made controls the case on this point, and makes the contract for purchase enforceable in equity:

"Any married woman shall after the passing of this act have the right to bind herself by contract with any person in the same manner and to the same extent as though she were unmarried, which contracts shall be legal and obligatory, and may be enforced at law or in equity, by or against such married woman, in her own name, apart from her husband."

The fourteenth section of the Married Women's act (*Gen. Stat. p. 2015*) prevents this section from authorizing her to convey her real estate, and therefore, as Vice-Chancellor Stevens held, relieves her from being obliged to specifically perform a contract to convey lands. But it does not affect her contract to purchase lands, and such contract may therefore be carried into effect by decree for specific performance, where the further performance of the contract on her part does not require a conveyance of lands by her. I will advise a decree for complainant, and that the cross-bill be dismissed.